**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 09-21916-CIV-MOORE/LYNCH

JANIS SERVICES, INC., and
FRED McGILVRAY, INC.,

      Plaintiffs,

vs.

FONTAINEBLEAU FLORIDA HOTEL, L.L.C., and
BANK OF AMERICA, N.A.,

      Defendants.

_____/

**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

    THIS CAUSE came before the Court upon Defendant Fontainebleau Florida Hotel,

L.L.C.'s ("Fontainebleau") Renewed Motion to Dismiss Due to Lack of Subject Matter

Jurisdiction (dkt # 49) and this Court's Order to Show Cause Why This Case Should Not Be

Dismissed for Lack of Subject Matter Jurisdiction (dkt # 51). Plaintiffs filed a Response (dkt #

54), and Fontainebleau filed a Reply (dkt # 55).

    UPON CONSIDERATION of the Motion, Responses, the pertinent portions of the

record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I. BACKGROUND**

    In this case, contractors Janis Services, Inc. ("Janis") and Fred McGilvray, Inc.

("McGilvray") (collectively, "the Plaintiffs") seek to recover monies allegedly due for

construction work that they performed on the Fontainebleau Miami Beach hotel project.[1] The

_____

[1] Janis was originally the sole Plaintiff in this case. On December 3, 2009, this Court
consolidated the instant case with a parallel action that had been filed by McGilvray, styled

Plaintiffs seek to foreclose on construction liens against the Fontainebleau hotel premises, and to establish the priority of those liens over a mortgage held by Defendant Bank of America, N.A. ("BOA"). On October 20, 2009, Fontainebleau filed a motion to dismiss this case due to lack of subject matter jurisdiction (dkt # 30), claiming that the Parties are not completely diverse.

It is undisputed that the Plaintiffs are Florida corporations with their principal places of business in Florida, and that BOA is a Delaware corporation with its principal place of business in North Carolina. Plaintiffs' Complaints state, "on information and belief," that Fontainebleau is a Delaware limited liability company, "whose member is a citizen of Nevada." See Am. Compl. ¶ 2; Compl. ¶ 2, McGilvray v. Fontainebleau Fla. Hotel L.L.C. et al., Case No. 09-22398-CIV-MOORE (S.D. Fla., filed Aug. 13, 2009). Fontainebleau contends, however, that it is a limited liability company ("L.L.C.") whose membership consists of a complex chain of other L.L.C.'s. Fontainebleau further states that Jeffrey Sofer ("Sofer"), a Florida citizen, is a member of one of these member L.L.C.'s, Fontainebleau Equity Holdings Voteco L.L.C. ("Voteco"). Fontainebleau's motion asserted, based on the relevant federal principles for determining the citizenship of limited liability companies, that it is a citizen of Florida, and that complete diversity of citizenship does not exist in this case. In support of its claims regarding Sofer's citizenship and the structure of the Fontainebleau enterprise, Fontainebleau submitted the declaration of Howard Karawan ("Karawan"), Chief Operating Officer of one of the L.L.C.'s in the Fontainebleau ownership chain. See Karawan Decl. (dkt # 31). In turn, Janis moved to compel Sofer's deposition (dkt # 33).

On November 12, 2009, this Court entered an Order denying without prejudice Fontainebleau's motion to dismiss without prejudice (dkt # 39), and granting the Plaintiffs leave

McGilvray v. Fontainebleau Florida Hotel L.L.C. et al., Case No. 09-22398-CIV-MOORE (S.D. Fla.). See Order of Consolidation (dkt # 47).

to conduct additional jurisdictional discovery.  This Court further ordered the Parties to submit a status report within thirty days of the date of that Order.  On November 16, 2009, the Parties submitted a joint statement (dkt # 43) requesting that all proceedings in this case be stayed until the Parties could conduct a Court-ordered mediation conference.  This Court denied the Parties' request for a stay (dkt # 44), and instructed them to proceed with jurisdictional discovery.  The Parties thereafter filed a second joint statement (dkt # 45) stating that Janis agreed to withdraw its motion to compel Sofer's deposition, and that the Parties would conduct jurisdictional discovery in the form of interrogatories.

On December 11, 2009, Fontainebleau filed a status report (dkt # 49) stating that in light of its responses to Plaintiffs' interrogatories, the Plaintiffs had not established complete diversity of citizenship.  Fontainebleau simultaneously renewed its motion to dismiss this case for lack of subject matter jurisdiction.  On December 14, 2009, the Plaintiffs filed their own status report (dkt # 50), discussing Fontainebleau's objections to Plaintiffs' interrogatories.  The same day, this Court issued the Order to Show Cause (dkt # 51).

**III.    STANDARD OF REVIEW**

Federal diversity jurisdiction exists where the Parties are "citizens of different States." 28 U.S.C. § 1332(a)(1).  Diversity is determined based on the citizenship of the parties at the time the complaint is filed.  See Harris v. Garner, 216 F.3d 970, 983 (11th Cir. 2000).  "'The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof.'"  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (quoting Ray v. Bird & Son & Asset Realization Co., Inc., 519 F.2d 1081, 1082 (5th Cir. 1975)).  For

diversity jurisdiction purposes, "a limited liability company is a citizen of any state of which a member of the company is a citizen." See id.

## IV.   ANALYSIS

The Plaintiffs have failed to adequately plead that diversity of citizenship exists in this case. The Complaints do not plead anything with respect to the citizenship of Fontainbleau's various member entities. Fontainebleau, however, posits this plausible chain of logic: 1) Sofer is a citizen of Florida; 2) Sofer is a member of Voteco, one of Fontainebleau's members; 3) because an L.L.C.'s citizenship is the same as its members' citizenship, Voteco is therefore a Florida citizen, and accordingly so is every other L.L.C. of which Voteco is a member, including, ultimately, Fontainebleau; 4) therefore, complete diversity does not exist here, because both Fontainebleau and the Plaintiffs are Florida citizens.

In support of its contentions about Sofer's citizenship, Fontainebleau has produced the Karawan Declaration, and a supplemental declaration by Karawan (dkt # 38-1) stating that Sofer is domiciled at an address in Miami Beach in the state of Florida. Fontainebleau's interrogatory responses further indicate that Sofer has a Florida homestead and a Florida driver's license, pays taxes in Florida, has club memberships in Florida, has various businesses that operate out of Florida, and owns other properties in Florida. See Def.'s Exs. 1 & 2 (dkt # 49). Plaintiffs, in contrast, have indicated that Sofer owns other properties in Colorado and North Carolina, but have adduced no evidence that Sofer was domiciled anywhere other than Florida as of the filing of their respective Complaints.

Plaintiffs also contest the completeness of Fontainebleau's interrogatory responses, and argue that it is "impossible to determine" whether Voteco is a member of the Fontainebleau ownership chain under Delaware law. See Resp. to Order to Show Cause ¶ 25 (dkt # 54). This

admission is itself fatal to Plaintiffs' attempts to establish diversity in this case, since it indicates that despite being afforded additional time for jurisdictional discovery, Plaintiffs are still unable to meet their burden of pleading Fontainebleau's citizenship.  In any event, these concerns are not relevant to the diversity jurisdiction inquiry.  As noted in another of this district's recent decisions dismissing a complaint against Fontainebleau for lack of subject matter jurisdiction, "Plaintiff carries the burden of establishing diversity; it is not [Fontainebleau's] burden to negate diversity."  See Order Dismissing Complaint, dkt # 25 at 2, in Minibar N. Am. Inc. v. Fontainebleau Fla. Hotel L.L.C., Case No. 09-22778-CIV-UNGARO (S.D. Fla. filed Oct. 27, 2009).  Because Plaintiffs have not met that burden here, this case must be dismissed for lack of subject matter jurisdiction.

## V.    CONCLUSION

In light of the foregoing, it is

ORDERED AND ADJUDGED that Fontainebleau's Renewed Motion to Dismiss Due to Lack of Subject Matter Jurisdiction (dkt # 49) is hereby GRANTED.  This case is DISMISSED. The Clerk of the Court is directed to CLOSE this case.  All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of January, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record